# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Karl Geercken**              Direct Dial: **212-210-9471**              Email: **karl.geercken@alston.com**

June 3, 2021

**VIA ECF**

Hon. Douglas E. Arpert, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> Re:   *IFMK Realty II, LLC v. Atlantic Property Development, LLC, et al.*
>        Civil Action No. 3:20-cv-6989-MAS-DEA

Dear Judge Arpert:

We represent Plaintiff IFMK Realty II, LLC ("IFMK") in the above-referenced action.  We write pursuant to L. Civ. R. 16.1(f)(1) and Paragraph III.11 of the Court's September 10, 2020 Pretrial Scheduling Order (D.E. No. 13) to request a conference in light of Defendant Felix Nihamin's continued failure to produce discovery in this matter. In particular, Nihamin has failed to produce ***any documents to date***, even though (i) his documents were due by February 25, 2021; (ii) he represented to the Court via letter on May 20, 2021, that he "has provided Plaintiff's counsel with responses to outstanding discovery requests," (D.E. No. 33); and (iii) he represented to undersigned counsel on May 24, 2021, that he would produce responsive documents by May 31, 2021.  IFMK also requests a discovery conference to discuss extending the current May 31, 2021 deadline for fact discovery, consistent with our discussion with Your Honor during the May 11 status conference.

As IFMK set forth in its April 23, 2021 letter (the "April 23 Letter"), Nihamin's responses to IFMK's First Request for Production of Documents and First Set of Interrogatories (together, the "Discovery Requests") were due on February 25, 2021 (D.E. No. 28).  IFMK submitted the April 23 Letter because Nihamin had failed to serve any responses to the Discovery Requests.

On May 11, 2021, Your Honor held a status conference in this matter, which Nihamin's counsel failed to attend.  During the conference, Your Honor indicated that, in light of Nihamin's failure to respond to the Discovery Requests, Your Honor would issue an Order directing Nihamin to respond to the April 23 Letter within 72 hours.  That same day, the Court issued a Text Order directing Nihamin to respond to the April 23 Letter by

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

June 3, 2021
Page 2

May 14, 2021.  (D.E. No. 29).  IFMK notified the Court on May 17, 2021, that Nihamin failed to respond to the April 23 Letter in violation of the Court's May 11, 2021 Text Order. (D.E. No. 32).

       On May 18, 2021, Nihamin served responses and objections to the Discovery Requests, but did not produce any documents.  Instead, he asserted myriad boilerplate objections and represented that he would produce "relevant documents and communications upon completion of a reasonable search," without indicating any timeline for producing documents.

       In response, IFMK informed Nihamin that his failure to timely respond to IFMK's Discovery Requests resulted in his waiver of all objections to the Discovery Requests.  *See* Fed. R. Civ. P. 33(b)(5) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Barton v. RCI, LLC*, 2013 U.S. Dist. LEXIS 46590, at *12 (D.N.J. Apr. 1, 2013) (Arpert, J.) (stating that untimely objections to interrogatories or document requests are waived unless excused by the Court for good cause).  IFMK also asked Nihamin to advise when he intended to produce documents, and requested a meet and confer in the event Nihamin disagreed that he waived his right to object to the Discovery Requests.

       Nihamin responded that he would produce responsive documents in his possession on or before May 31, 2021.  Nihamin also confirmed that he "has not/will not limit or restrict his responses via the objections."  Despite these representations, Nihamin did not produce documents by May 31, 2021, and has not produced any documents in this action to date.  Accordingly, IFMK advised Nihamin via letter on June 1, 2021, that if Nihamin failed to produce documents by June 2, IFMK would have no choice but to raise this matter once again with the Court.  Nihamin has not responded to IFMK's June 1 letter.

       In light of what appears to be a blatant delay strategy, IFMK respectfully requests that the Court hold a discovery conference so that IFMK may present this issue and request appropriate relief, such as a court order striking Nihamin's Answer or, at the very least, compelling Nihamin to produce all responsive, non-privileged documents immediately. IFMK also requests an opportunity at the conference to address extending the discovery schedule, since fact discovery ended on May 31, 2021, and Nihamin's three-month delay (and counting) in producing documents has prevented IFMK from prosecuting this action.

       We thank the Court for its time and attention to this matter, and we are available if Your Honor has any questions or needs anything further.

                           Respectfully submitted,

                           */s/ Karl Geercken*

                           Karl Geercken

cc: All Counsel of Record (via ECF)