# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Karl Geercken**　　　　　　　　　　Direct Dial: **212-210-9471**　　　　　　　　　　Email: **karl.geercken@alston.com**

July 14, 2021

**VIA ECF**

Hon. Douglas E. Arpert, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

　　　　Re:　　*IFMK Realty II, LLC v. Atlantic Property Development, LLC, et al.*
　　　　　　　　Civil Action No. 3:20-cv-6989-MAS-DEA

Dear Judge Arpert:

　　　　We represent Plaintiff IFMK Realty II, LLC ("IFMK") in the above-referenced action.  We write to respectfully request that the Court set a status conference, as soon as practicable, to address Defendant Felix Nihamin's continued failure to produce any documents in this action.  As summarized below and detailed in IFMK's prior submissions, *see* Dkt. Nos. 28, 32, 34, Nihamin's deadline to produce documents was **February 25, 2021**, yet to date, Nihamin has not produced a single document, in plain violation of his discovery obligations under this Court's scheduling orders and the Federal Rules of Civil Procedure.  Accordingly, IFMK seeks a conference to request that the Court strike Nihamin's Answer and enter default against him.  In the alternative, IFMK requests a conference to discuss extending the discovery schedule, consistent with our discussion with Your Honor at the May 11, 2021 status conference, since fact discovery concluded on May 31, 2021.

　　　　Rather than belabor the Court with a full recitation of Nihamin's conduct, IFMK respectfully refers the Court to its prior submissions on this issue.  *See* Dkt. Nos. 28, 32 & 34.  For the Court's convenience, the following summarizes Nihamin's continued refusal to produce any documents or actively participate in this action:

- Nihamin's deadline to produce documents to IFMK was **February 25, 2021**.  The Court's Amended Scheduling Order required the parties to complete fact discovery by **May 31, 2021**.  Dkt. No. 27.

- Nihamin's counsel represented multiple times in April 2021 that he would serve responses to IFMK's document requests that month, but he did not.

Alston & Bird LLP　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

July 14, 2021
Page 2

- IFMK filed a letter with the Court on **April 23, 2021**, addressing Nihamin's failure to produce discovery. Dkt. No. 28.

- The Court held a status conference on **May 11, 2021**, which Nihamin's counsel failed to attend. During the conference, Your Honor offered to issue a Text Order directing Nihamin to respond to IFMK's discovery correspondence by **May 14, 2011**. *See* Dkt. No. 29. Your Honor also invited IFMK to request a status conference in the event Nihamin responds to IFMK's discovery requests, so that the Court could extend the discovery schedule, as fact discovery concluded on **May 31, 2021**.

- Nihamin ignored Your Honor's Text Order and failed to respond to IFMK's discovery letter by the Court-imposed deadline. Consequently, IFMK filed another letter asking the Court to compel Nihamin to respond to IFMK's discovery requests within 14 days and, if Nihamin failed to do so, strike Nihamin's Answer. Dkt. No. 32.

- Nihamin filed a four-sentence letter on **May 20, 2021**, stating that he has "provided Plaintiff's counsel with responses to outstanding discovery requests." Dkt. No. 33. In actuality, Nihamin served boilerplate responses and objections and did not produce a single document in response to IFMK's document requests.

- Nihamin's counsel advised IFMK via letter on **May 24, 2021**, that he "will produce the responsive documents in his possession on or before **May 31, 2021**." Nihamin did not produce any documents by that date.

- IFMK filed a third letter on **June 3, 2021**, informing the Court that Nihmain has still not produced any documents. Dkt. No. 34. IFMK also requested a status conference to discuss extending the discovery schedule in this action. *Id.*

- To date, Nihamin has failed to produce any documents whatsoever, despite having a deadline of **February 25, 2021** to do so, and falsely representing, repeatedly, that he intended to do so.

In light of Nihamin's violations of the federal rules and this Court's orders, as well as his bad-faith conduct summarized above, IFMK intends to request that the Court strike Nihamin's Answer and enter default against him. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A)(iii) (court may strike pleadings of party that failed to obey discovery order); *Howard Johnson Int'l, Inc. v. Armdan Hotels, Inc.*, 2013 U.S. Dist. LEXIS 184403 (D.N.J. Dec. 18, 2013) (striking defendant's answer for failing to respond to discovery requests and entering default against him); *Brevet Capital Special Opportunities Master Fund III, LP v. RD Legal Funding, LP*, 2012 U.S. Dist. LEXIS 78218, at *17 (D.N.J. Apr. 24, 2012) (same). This result is warranted because Nihamin has failed entirely to cooperate in discovery or actively participate in this case, "despite being given opportunities to do so and being warned of the consequences of failing to do so." *Brevet Capital*, 2012 U.S. Dist. LEXIS 78218, at *16.

July 14, 2021
Page 3

  We thank the Court for its time and attention to this matter, and we are available if Your Honor has any questions or needs anything further.

                Respectfully submitted,

                */s/ Karl Geercken*

                Karl Geercken

cc: All Counsel of Record (via ECF)