UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IMFK REALTY II, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ATLANTIC PROPERTY DEVELOPMENT LLC, *et al.*,<br><br>　　　　　　　　Defendants. | Civil Action No. 20-6989 (MAS) (DEA)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on the Report and Recommendation (the "R. & R.") of the Honorable Douglas E. Arpert, U.S.M.J., regarding Defendant Felix Nihamin's ("Nihamin" or "Defendant") failure to comply with discovery requests and the Court's corresponding orders during this litigation.[1] (*See generally* R. & R., ECF No. 44.) Judge Arpert's R. & R. details the procedural history of this matter, including scheduling orders, correspondence from Plaintiff IMFK Realty II, LLC ("Realty") regarding Defendant's discovery deficiencies, and numerous attempts by the Court to communicate with Defendant's counsel. (R. & R. 2-5.) The R. & R. also sets forth the legal standards Judge Arpert applied in evaluating Defendant's dilatory and obstructionist behavior, including his review of the six *Poulis* factors, which must be considered to determine whether the sanction of dismissal is appropriate. (R. & R. at 2-5 (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).) Ultimately, Judge Arpert recommends

---

[1] On August 3, 2020, the Clerk entered default against Atlantic Property Development, LLC and Francis M. Ferrari for failure to plead or otherwise defend. (ECF No. 11.) Judge Arpert's R. & R., consequently, addresses Nihamin's litigation conduct.

that the Court grant Plaintiff's motion to strike Defendant's Answer to the Complaint and enter default judgment. (*See* R. & R. 6-11 (citing Pl.'s Mot. to Strike, ECF No. 40).)

Now before the Court are Defendant's objections to Judge Arpert's R. & R.[2] Federal Rule of Civil Procedure 72(b)(3) provides that "[t]he district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to."[3] Defendant raises several objections that, in the Court's view, can be categorized into two buckets: procedural objections and substantive objections. The Court visits each of Defendant's objections in turn.

Starting with the procedural objections, Defendant *first* objects to the R. & R.'s application of the *Poulis* factors under Rules 16 and 37. (Def.'s Obj. to R. & R. 8-10 (citing Fed. R. Civ. P. 16, 37).) Rule 16(f) allows for court-ordered sanctions if a party fails to follow pretrial orders whereas Rule 37(b)(2) allows the Court to issue sanctions where a party fails to provide discovery and follow judicial orders requiring the same. *See* Fed. R. Civ. P. 16(f), 37(b)(2). Notwithstanding the Rules' clear language, Defendant expresses confusion about upon "which authority the [R. & R.] ultimately bases its recommendation." (Def.'s Obj. to R. & R. 8-9.) He contends that while both Rules require a *Poulis* analysis, the underlying events for which Judge Arpert based a recommendation of sanctions on, such as Defendant's violation of Court orders and missed deadlines, should be analyzed separately under each Rule, rather than together. (*Id.* at 9-10.) According to Defendant, Judge Arpert's failure to dissect each Rule individually creates "an overly prejudicial picture" of his conduct. (*Id.* at 9.) In the same vein, Defendant also objects that the R. & R. errs by recommending "extreme discovery sanctions." (*Id.* at 12.)

---

[2] On receipt of Judge Arpert's R. & R., the parties were given notice that under Local Civil Rule 72.1, they had fourteen days to file and serve any objections. (ECF No. 44.) Defendant filed an objection (Def.'s Obj. to R. & R., ECF No. 48) and Plaintiff replied (Pl.'s Resp. to Def.'s Obj. to R. & R., ECF No. 49).

[3] Hereafter, references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

The Court finds no merits in Defendant's alleged procedural harm. For one, the procedural backstory of this suit paved the way for Judge Arpert to consider Plaintiff's motion to strike Defendant's Answer and for subsequent default, and that application is governed by both Rules, as the R. & R. duly explains.[4] (*See* R. & R. 5.) That is, Rule 37 authorizes the Court to impose sanctions, including the striking of pleadings and dismissal of actions, when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Rule 16(f) provides that the Court may issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . or . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f); *see also Chiarulli v. Taylor*, No. 08-4400, 2010 WL 1371944, at *2 (D.N.J. Mar. 31, 2010) ("Rules 16 and 37 . . . authorize a court to sanction a party that fails to comply with a court order."). Judge Arpert discusses in detail Defendant's willful violation of several court orders, which the Court finds adequately justifies the imposition of sanctions here. (R. & R. 7.) Thus, the Court finds no error in this analysis.

*Second*, Defendant objects that he was denied due process by the R. & R.'s imposition of sanctions without first providing Defendant with notice and an opportunity to be heard under Rule 16. (Def.'s Obj. to R. & R. 10.) The Court finds this argument meritless. Plaintiff patently moved the Court to strike Defendant's Answer and enter default, putting Defendant on notice that

---

[4] It bears true that the entry of default judgment is a harsh sanction—one that this Court does not impose lightly. Yet Defendant was given opportunities time and time again to meaningfully participate in this case and failed to do so; indeed, Defendant provided no documents to Plaintiff until three months after the close of the fact discovery period, and only after Judge Arpert granted Plaintiff leave to move to strike Defendant's Answer. (*See* R. & R. 8-9; Pl.'s Resp. to Def.'s Obj. to R. & R. 27.) Courts have imposed such sanctions before when presented with similar histories of noncompliance. *See, e.g., Temptime Corp. v. Timestrip PLC*, No. 08-4277, 2009 WL 1560205, at *1-2 (D.N.J. June 2, 2009) (explaining how striking defendant's answer and allowing plaintiff to seek default judgment is an appropriate sanction under the circumstances of noncompliance with court orders).

potential sanctions were looming. (*See* Pl.'s Resp. to Def.'s Obj. to R. & R. 18.) Then, Judge Arpert agreed and recommended sanctions for Defendant's flagrant disregard of federal procedures and the Rules. To be sure, Rule 16(f) allows the Court to issue sanctions "on its own." Fed. R. Civ. P. 16; *see Halvajian v. Hillman*, No. 03-5880, 2006 WL 827853, at *3 (D.N.J. Mar. 30, 2006) (explaining that Rule 16(f) permits a district court to impose the sanction of default judgment *sua sponte*). Because the R. & R. imposes the very sanction that Plaintiff sought in its motion to strike, Defendant knew that his conduct ran afoul of the Rules and Court orders and that consequences were possible. (*See* Pl.'s Resp. to Def.'s Obj. to R. & R. 18.) Thus, the Court rejects this objection.

Having addressed the procedural concerns, the Court moves next to the substantive ones. Defendant unsurprisingly objects to the R. & R.'s analysis of the *Poulis* factors. (*See* Def.'s Obj. to R. & R. 14.) Plaintiff counters that none of Defendant's objections hold weight and the equities demand that the Court adopt the R. & R. The *Poulis* factors are (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d. at 868. As for the first factor, Judge Arpert found that Defendant, a lawyer, "bears some personal responsibility" for his counsel's handling of this case. (R. & R. 8.) Second, Judge Arpert found that Defendant's "failures and delays, including his failure to produce any documents until [three] months after the close of fact discovery," has prejudiced Plaintiff. (*Id.* at 8-9.) Third, Judge Arpert appropriately found Defendant's "pattern of dilatoriness," including his failure to meet most deadlines, warrants sanction. (*Id.* at 9.) Fourth, Judge Arpert noted that a failure to obey court orders demonstrates willfulness. (*Id.* at 9-10.) Fifth, Judge Apert found that "no lesser sanction" than striking Defendant's Answer would be effective.

4

(*Id.* at 10.) Finally, Judge Arpert explained that the Court's inability to assess the merits of the case given the present posture of the proceedings rendered this factor neutral. (*Id.*) Thus, Judge Arpert found that all but the last of the *Poulis* factors weighed in favor of granting Plaintiff's motion. On its de novo review of the facts and relevant authorities, the Court finds Judge Arpert's "reasoning is sound." *See Bank of Hope v. Chon*, No. 14-1770, 2020 WL 1188463, at *1 (D.N.J. Mar. 12, 2020) (adopting the R. & R. where the magistrate judge's reasoning was sound).

The Court has reviewed and carefully considered the R. & R. and underlying documents in this matter and finds good cause to adopt Judge Arpert's findings. Accordingly,

**IT IS**, on this 12th day of September 2022, **ORDERED** that:

1. The Court **ADOPTS** the R. & R. (ECF No. 44) in full.
2. Plaintiff's Motion to Strike Defendant's Answer (ECF No. 40) is **GRANTED**.
3. Defendant's Answer (ECF No. 9) is **STRICKEN**.
4. The Clerk of Court shall enter default against Defendant.
5. Plaintiff is granted leave to file a motion for default judgment.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE