**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IFMK REALTY II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC PROPERTY DEVELOPMENT, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 20-6989 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff IFMK Realty II, LLC's ("Plaintiff") Motion to Enter a Charging Order (Mot. for Charging Order, ECF No. 99) against Defendant Felix Nihamin ("Defendant"). Defendant failed to file an opposition by the February 3, 2026, deadline and was afforded another opportunity to file an opposition by March 10, 2026. (*See* Feb. 17, 2026, Text Order, ECF No. 101.) Defendant did not respond, leaving Plaintiff's motion unopposed. The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Plaintiff's Motion to Enter a Charging Order.

On October 31, 2023, the Court granted Plaintiff's motion for default judgment against Defendant. (*See generally* Oct. 31, 2023, Mem. Op., ECF No. 67; Oct. 31, 2023, Order, ECF No. 68.) Thereafter, on April 29, 2024, the Court entered a final judgment against Defendant and other named defendants, for fraud damages in the amount of $2,901,352.16, plus $356,604.72 in pre-judgment interest and post-judgment interest at the rate of 5.17% compounded annually. (Apr. 26, 2024, Order & J. 1-2, ECF No. 82.) Defendant was deemed responsible for thirty-five percent

of the fraud and is thus liable for $1,140,284.91 in damages. (*Id.* at 2; Pl.'s Moving Br. 1, ECF No. 99-1.) Plaintiff, as an unsecured creditor in connection with Defendant's bankruptcy, "received monthly plan distributions from [Defendant's] estate totaling $28,572.69" which is deducted from Defendant's judgment pursuant to the Court's April 26, 2024, Order. (Pl.'s Moving Br. 1-2 (citation omitted); Apr. 26, 2024, Order & J. 2 n.7.)

Plaintiff asserts, however, that Defendant failed to make any further payments, besides the bankruptcy distributions. (Pl.'s Moving Br. 1-2.) Plaintiff investigated Defendant's assets, revealing that Defendant: (1) has only two hundred dollars cash on hand; (2) "does not own any real property or personal property of significant value"; (3) has only one bank account in his name, which is a joint checking account with his wife; and (4) is the sole member of Felix Nihamin Law Firm, LLC (the "Law Firm"), a New Jersey limited liability company ("LLC"). (*Id.* at 2 (citation omitted).) "As the Law Firm's owner, [Defendant] has previously received distributions from the law firm." (*Id.*) In fact, Defendant informed Plaintiff "that between November 2023 and November 2024, [Defendant] received $60,000 from his interest in the Law Firm." (*Id.* (citation omitted).) Plaintiff argues that these distributions from the Law Firm should be used to satisfy Defendant's judgment. (*Id.*)

Federal Rule of Civil Procedure 69(a)(1)[1] provides that:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). New Jersey law provides further procedures for collecting a money judgment when a judgment debtor owns interest in an LLC:

---

[1] All References to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

> [o]n application by a judgment creditor of a member, a court may charge the transferable interest of the member with payment of the unsatisfied amount of the judgment with interest. . . . A court order charging the transferable interest of a member . . . shall be the sole remedy of a judgment creditor[.]

N.J. Stat. Ann. § 42:2C-43; *see also Leonard v. Leonard*, 52 A.3d 214, 216-17 (N.J. Super. Ct. Ch. Div. 2012) (applying the statute to issue a charging order against a minority interest holder of an LLC). "A charging order issued under this statute does not give the judgment creditor any rights of control over the LLC's operations; rather, it provides 'only the rights of an assignee of the [LLC] interest,' namely the right to receive distributions from the LLC." *Gov't Emps. Ins. Co. v. Hamilton Healthcare Ctr., P.C.*, No. 17-674, 2019 WL 251740, at *1 (D.N.J. Jan. 17, 2019) (alteration in original) (first quoting N.J. Stat. Ann. § 42:2C-43; and then citing 16 Audrey M. Weinstein & James W. Kerwin, N.J. Practice Series § 44:8.20 (4th ed., July 2018 update)).

The Court finds that Plaintiff is entitled to a charging order against Defendant for Defendant's interest in the Law Firm. Plaintiff's investigation revealed that Defendant is the owner and sole member of the Law Firm, a New Jersey LLC, and that he has received at least $60,000 in distributions. (Pl.'s Moving Br. 2-3 (citation omitted).) Moreover, Plaintiff's investigation revealed that Defendant lacks other assets from which Plaintiff can recover the amount owed to it by Defendant. (*See id.*) In light of these facts, and considering that Defendant did not oppose Plaintiff's motion, the Court grants Plaintiff's Motion to Enter a Charging Order. *See Gov't Emps. Ins. Co.*, 2019 WL 251740, at *2 ("The [Rules] instruct the Court to follow state procedure in executing a judgment, and New Jersey statute clearly allows the Court to issue a charging order in favor of [p]laintiffs, judgment creditors, and against . . . the judgment debtor."); *Absen, Inc. v. LED Cap., LLC*, No. 22-2158, 2023 WL 238826, at *3 (D.N.J. Jan. 18, 2023) (granting a charging order against a defendant's interest as the owner and sole member of a New Jersey LLC).

Based on the foregoing,

**IT IS**, on this 24th day of July 2026, **ORDERED** as follows:

1.      The Clerk shall reopen the matter.

2.      Plaintiff's Motion to Enter a Charging Order (ECF No. 99) is **GRANTED**.

3.      Defendant's interest in the Law Firm is charged with a lien until Defendant's judgment has been satisfied in full.

4.      Any distributions by the Law Firm due to Defendant based upon his interest in the Law Firm shall instead be paid immediately to Plaintiff as the judgment creditor c/o Plaintiff's attorneys, Alston & Bird LLP, 90 Park Avenue, New York, NY 10016.

5.      Defendant is prohibited from receiving any money or assets from the Law Firm, whether by way of loans, fees, wages, salary, or otherwise.

6.      Should Defendant receive or otherwise come into possession, by whatever means, of any money or assets from the Law Firm, Defendant shall immediately advise Plaintiff, through Plaintiff's attorneys at Alston & Bird LLP, of the same, and immediately remit the money or assets to Plaintiff c/o Alston & Bird LLP.

7.      Any violation of this Order, whether by Defendant or any other person receiving notice of this Order, may be punishable by contempt.

8.      The Clerk shall close this matter.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

4